[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12672
Non-Argument Calendar

_____

D. C. Docket No. 06-01171-CV-T-TBM

JOHN C. VAN VOORHIS,

Plaintiff-Appellant,

versus

HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 8, 2008)

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

John Van Voorhis, a pilot over 50 years old, appeals pro se the summary

judgment entered in favor of the Hillsborough County Board of County Commissioners and against Van Voorhis's complaint of discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–.11. Van Voorhis contends that Hillsborough County discriminated against him because of his age when Hillsborough County rejected his application for employment as a helicopter pilot. Van Voorhis presented evidence that the decision-maker for Hillsborough County rejected Van Voorhis's application because the decision-maker, in his own words, "didn't want to hire an old pilot." Because Van Voorhis presented direct evidence of discrimination on the basis of age and evidence of an adverse employment action, the district court erred when it granted summary judgment against Van Voorhis's complaint of age discrimination. We reverse and remand for further proceedings.

## I. BACKGROUND

In April 2002, Hillsborough County posted a job opening for a helicopter pilot in its Mosquito Control Section. Joel Jacobson, manager of the Mosquito Control Section, was in charge of hiring. The open pilot position was one of two such positions in Mosquito Control. Dennis Boone, the chief helicopter pilot for Hillsborough County, was the other pilot. Jacobson was Boone's direct supervisor.

2

Applicants submitted applications for the pilot position to the Hillsborough County Civil Service Board, which processed the applications, determined which candidates met the qualifications specified by Mosquito Control, and sent a list of qualified candidates to Mosquito Control. One of the requirements was 100 hours of flight experience in agricultural spraying. Between April and October 2002, nine applicants, including Van Voorhis, were qualified by Civil Service for the position. All nine applicants were over the age of forty. Boone testified in his deposition that he reviewed the list of the nine applicants that met the listing requirements and told Jacobson that two of the candidates, Van Voorhis and another individual, already had a spray license and met "all the requirements to just go get in the helicopter and go spray." Van Voorhis's application stated that he had over 5000 hours of spraying experience.

According to Boone, Jacobson reviewed the list of qualified applicants and stated that "he did not want to interview [any of the applicants] because he didn't want to hire an old pilot." Linda Hangar, whose office was next to Jacobson's office, testified in an affidavit that she also overheard Jacobson comment that he did not want to hire an old pilot. No interviews were conducted during the first recruitment period.

Pamela Knight, who was eventually hired for the pilot position, did not

3

qualify for the position during the first recruitment period because she did not have 100 hours of agricultural spraying or dusting flight time.  Knight testified in her deposition that she met with Jacobson in September 2002 and discussed the 100-hour requirement and whether Mosquito Control had a procedure in place through which she could acquire the necessary flight time.  Knight testified that Jacobson told her that they were considering removing the requirement of 100 hours of spray experience to expand the applicant pool and that she should monitor the recruitment listings.

In October 2002, Jacobson rewrote the minimum qualifications for the pilot position and instructed Civil Service to remove the first job listing and commence a new recruitment period.  On October 21, 2002, the second recruitment period was opened.  The new listing eliminated the requirement of 100 hours of flight experience in low-level spraying or dusting.  Applicants from the first recruitment period were not notified of the re-listing and were required to re-apply to be considered for the position during the second recruitment period.

On November 5, 2002, Civil Service forwarded to Jacobson the applications of Knight, age 40, and Fred Yocher, age 54 or 56, the two qualified candidates who had submitted applications in response to the second job posting.  Van Voorhis submitted an application during the second recruitment period, but he was not

4

certified by Civil Service as a qualified candidate until December 2, 2002. Knight and Yocher were interviewed by Boone, Jacobson, and Rebeckah Sanchez, a Hillsborough County public works employee from a different division, on November 21, 2002. Boone and Sanchez rated the candidates' answers to interview questions. Jacobson was a non-voting interview panelist.

Knight received the higher score from both Boone and Sanchez, was offered the position, and accepted it. The second recruitment period was terminated on December 13, 2002, at the direction of Mosquito Control. Before the second recruitment period was closed, Civil Service forwarded to Mosquito Control a list of nine qualified candidates that included Van Voorhis.

When Knight started her employment with Hillsborough County at Mosquito Control, she was not qualified to fly the helicopter as the pilot in command. Hillsborough County's insurance company required her to log 50 hours of supervised flight time in the helicopter before it would insure her. Knight also received a warning letter from the Federal Aviation Administration for violating a regulation requiring at least 100 hours of spraying flight time before operating a helicopter used for agricultural spraying over a congested area.

Van Voorhis filed amended complaints in state court that alleged age discrimination. Hillsborough County removed the action to federal court and

moved for summary judgment. The district court entered summary judgment in favor of Hillsborough County. The district court concluded that Van Voorhis had presented no direct evidence of discrimination on the basis of age, and the court concluded that Van Voorhis had failed to present evidence that he had suffered an adverse employment action.

## II. STANDARD OF REVIEW

We review the grant of summary judgment de novo and construe "all reasonable doubts about the facts in favor of the non-movant." Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081 (11th Cir. 2005) (quoting Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir.1990)) (internal quotation marks omitted). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Our discussion is divided in two parts. We first address the conclusion of the district court that Van Voorhis did not present direct evidence of discrimination. We next address whether Van Voorhis suffered an adverse employment action. We conclude both that Van Voorhis presented direct evidence

6

of discrimination and that he suffered an adverse employment action. Van Voorhis does not challenge the conclusion of the district court that Title VII does not prohibit discrimination on the basis of age, so his claim under Title VII has been abandoned.

### A. Van Voorhis Presented Direct Evidence of Discrimination.

"Under the ADEA, a plaintiff . . . bears the ultimate burden of proving that age was a determining factor in the employer's decision . . . [not to hire] him or her." See Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989). A plaintiff may establish a claim of illegal age discrimination through either direct evidence or circumstantial evidence. See id. We define "direct evidence of discrimination as 'evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee.'" Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (quoting Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999) (internal quotation marks omitted)). "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, . . . constitute direct evidence of discrimination." City of Miami, 870 F.2d at 582; see also Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189–90 (11th Cir. 1997) (listing cases where we have concluded that remarks and actions constitute direct evidence of illegal

discrimination). "In the face of direct evidence, an employer must prove that the same employment decision would have been made absent any discriminatory intent." City of Miami, 870 F.2d at 582.

Jacobson's alleged statements that he "didn't want to hire any old pilots" and was not going to interview any of the applicants from the first recruitment period, including Van Voorhis, because he "didn't want to hire an old pilot" are direct evidence of age discrimination. The import of the alleged statements "could be nothing other than to discriminate on the basis of age." Id. The district court erred when it concluded that the alleged statements did not constitute direct evidence of discrimination on the basis of age.

B. *Van Voorhis Presented Evidence of An Adverse Employment Action.*

Even where direct evidence of discrimination exists, Van Voorhis must present evidence of an adverse employment action. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1230 n.34 (11th Cir. 2001). "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'" Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000) (quoting Robinson v. City of Pittsburgh, 120

8

F.3d 1286, 1300 (3d Cir. 1997)). Hillsborough County argues that Van Voorhis did not suffer an adverse employment action because his application was incomplete when Knight was hired. We disagree.

The conclusion of the district court that Van Voorhis did not suffer an adverse action was based on the erroneous assumption that the second recruitment period was the only relevant time period. Hillsborough County contends that Van Voorhis did not complain about its actions in connection with the first recruitment period, but Hillsborough County is wrong. Van Voorhis, in his Second Amended Complaint, alleged that Hillsborough County "had over ten qualified applications when it rejected all applications for a new posting, and although it had the applications when it chose to re-post the job, it offered a position to a woman much younger than [Van Voorhis], who was not even qualified for the position." The rejection of Van Voorhis's application during the first recruitment period was an adverse employment action about which Van Voorhis complained.

## IV. CONCLUSION

Because Van Voorhis presented both direct evidence of discrimination on the basis of age and evidence of an adverse employment action, the summary judgment in favor of Hillsborough County and against Van Voorhis's complaint under the ADEA and FCRA is **REVERSED** and this action is **REMANDED** for

9

further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**