[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

_____

No. 09-13817
Non-Argument Calendar

_____

D. C. Docket No. 08-60544-CV-RSR

NICHOLAS LICAUSI,

Plaintiff-Appellant,

versus

SYMANTEC CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2010)

Before EDMONDSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Nicholas Licausi appeals the district court's order granting summary

judgment to his former employer, Symantec Corporation ("Symantec"), on his age discrimination claim brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. After review, we affirm.[1]

The ADEA prohibits an employer from failing or refusing to hire, discharging or otherwise discriminating against a person who is forty or older on the basis of age. 29 U.S.C. §§ 623(a)(1), 631(a). When an ADEA plaintiff alleges disparate treatment, such as a failure to hire, the plaintiff must prove that his age "actually motivated the employer's decision. That is, the plaintiff's age must have actually played a role [in the employer's decisionmaking] process and had a determinative influence on the outcome." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141, 120 S. Ct. 2097, 2105 (2000) (quotation marks and citation omitted) (alteration in original). "A plaintiff may establish a claim of illegal age discrimination through either direct or circumstantial evidence." Van Voorhis v. Hillsborough County Bd. of County Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008).

In a circumstantial evidence case such as this one, the district court (and this

---

[1]"We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion." Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1349 (11th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Court on appeal) evaluates the age discrimination claim using the burden-shifting framework set out in McDonnell Douglas Corp v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973).  See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (applying the McDonnell Douglas framework in an ADEA case).  Under the McDonnell Douglas framework, "the plaintiff must first establish a prima face case of discrimination."  Id.  If a plaintiff does so, a presumption of discrimination arises, and "the defendant employer must articulate a legitimate, nondiscriminatory reason for the challenged employment action."  Id.  If the employer proffers one or more reasons, the presumption of discrimination is eliminated, and, to survive summary judgment, the plaintiff must produce evidence from which a reasonable jury could conclude that the employer's reasons "were not the real reasons for the adverse employment action," but instead that each was pretextual.  Id. at 1024-25.

Based on the evidence presented at summary judgment, it is undisputed that for cost-reduction reasons, Symantec, a software company, initiated a reduction in force ("RIF"), which eliminated Plaintiff Licausi's position as senior director of the Latin American region (referred to as "LATAM").[2]  At the same time, Symantec underwent a reorganization of its practice groups and regional structure, and was also looking to fill the vacant position of regional director of the Central division in

---

[2]Licausi's age discrimination action does not challenge his termination as part of the RIF.

3

the United States. As a result of the reorganization, the then-vacant position of regional director of the Central division was given responsibility for the LATAM region.

Plaintiff Licausi, who was 65 at the time, expressed interest in the Central regional director position to his boss, Charles Johnson. By that time, however, Symantec's Elizabeth Joyce had already chosen another regional director, Brian Quinn, who was 43, to fill the position. When Joyce learned of Licausi's interest, she considered him for the position, but ultimately determined that Quinn remained the best choice.

Symantec presented evidence of the following reasons Joyce chose Quinn over Plaintiff Licausi: (1) Quinn had seven years of experience at Symantec, three to four of those years as director of the Canada region and one year as the regional director for the U.S. Central region, while Licausi had only two years of experience with Symantec and only in Latin America, which was a small component of the newly restructured Central position; (2) Licausi's past experience with GM and IBM was not particularly relevant to the new position; (3) Quinn already had relationships and experience with the consultants and customers with whom he would work in the Central position; (4) Quinn had better technical skills and more depth of knowledge as to Symantec's Veritas line of products, most importantly

4

with Enterprise Vault, a product in which Symantec had made a large investment;[3] (4) Quinn had increased revenue in his practice area from $1.6 million to $8 million; and (5) Quinn was based in Detroit, where the Central region was headquartered, while Licausi was based in Florida.

The district court concluded, and the parties do not dispute, that Plaintiff Licausi presented sufficient evidence to establish a prima facie case of age discrimination and that Symantec articulated legitimate, nondiscriminatory reasons for hiring Quinn rather than Licausi. Thus, to survive summary judgment, Licausi needed to present evidence that Symantec's reasons were each a pretext for age discrimination.

An employer's legitimate, nondiscriminatory reason is not a pretext for discrimination unless it is shown that the reason was false and that discrimination was the real reason. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993); see also Springer, 509 F.3d at 1349. If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive summary judgment. Chapman, 229 F.3d at 1037.

To show pretext, a plaintiff may demonstrate "such weaknesses,

---

[3]Enterprise Vault is a software product for archiving and indexing emails and documents. When Symantec acquired Enterprise Vault as part of a merger with Veritas, Quinn became senior manager for the national practice of Enterprise Vault and significantly increased revenue in that practice area.

5

implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered reasons for the employment action such that "a reasonable factfinder could find them unworthy of credence." Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004) (quotation marks omitted). However, the plaintiff cannot merely quarrel with the wisdom of the employer's reason, but "must meet that reason head on and rebut it." Chapman, 229 F.3d at 1030. Furthermore, a plaintiff cannot prove pretext merely by arguing or showing that he was more qualified than the person who received the position. Springer, 509 F.3d at 1349. Rather, the plaintiff "must show that the disparities between the successful applicant's and his own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Id. (quotation marks omitted).

Here, Plaintiff Licausi has not presented evidence from which a jury could reasonably conclude that Joyce's reasons for choosing Quinn over him were pretextual. The record does not support Licausi's assertion that he was more qualified for the position than Quinn based on Joyce's criteria, much less that Licausi was so much more qualified that a reasonable person could not have chosen Quinn over him. Indeed, to the extent there was a disparity in qualifications, it appears to have favored Quinn, not Licausi. Quinn had worked

longer for Symantec, already had experience in the Central region, already had relationships with customers and consultants in the Central region, was already based in the Central region's headquarters, and had extensive knowledge of the important Enterprise Vault product. Licausi did not present any evidence to suggest these qualifications relied upon by Joyce were either false or unimportant to the position.

Although Licausi had more experience in Latin America, it is undisputed that Latin America was only a small part of the Central position's responsibilities after the restructuring. Licausi's claims that his prior GM and IBM experience was relevant to the Central position amounts to nothing more than quarreling with the wisdom of Joyce's stated reason. Furthermore, Joyce did not testify that Licausi's past experience was irrelevant, just that it was not as relevant as Quinn's past experience at Symantec in the Central and Canada regions and with Enterprise Vault. We will not "second-guess the business decisions of an employer" as to the appropriate criteria upon which to rate employees. See Rowell v. BellSouth Corp., 433 F.3d 794, 798-99 (11th Cir. 2005) (refusing to second-guess employer's criteria for ranking employees' competency during a RIF).

We also reject Licausi's argument that Joyce's "preselection" of Quinn was evidence of pretext. Preselection does not necessarily indicate discrimination. See

7

Springer, 509 F.3d at 1350. "Where a supervisor has first-hand knowledge of the potential applicants and makes an employment decision based on that knowledge, the failure to post the job is insufficient evidence of pretext." Id. Joyce had first-hand knowledge of both applicants and considered and rejected Licausi for the position once she learned he was interested. Similarly, we reject Licausi's argument that he has shown pretext because Joyce's hiring decision was based in part on subjective criteria. See id. at 1349 ("Absent evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based a hiring or promotion decision on purely subjective criteria will rarely, if ever, prove pretext.")

Finally, Plaintiff Licausi points to a comment by his boss, Johnson, when Licausi complained to him that Quinn was selected because of age discrimination. Johnson replied that he too might be a victim of age discrimination given that his position was also being eliminated. Although Johnson averred that he was joking when he made the comment, Licausi testified that Johnson did not sound like he was joking. Even if this comment was not a joke, it is not probative evidence of pretext or of Joyce's discriminatory intent.

For these reasons, we conclude that the district court did not err in finding that Licausi failed to establish pretext and as a result granting summary judgment

8

to Symantec on Licausi's ADEA claim.

**AFFIRMED.**