[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10440
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60011-DLG

JOSE DIAZ,

Plaintiff - Appellant,

versus

AIG MARKETING, INC.,
a foreign corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 22, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Diaz appeals from an adverse summary judgment on his claim that AIG Marketing, his former employer, discriminated against him because of his age in violation of the Florida Civil Rights Act, Fla. Stat. § 760.10(1). Because Diaz failed to produce evidence sufficient to convince a reasonable juror that AIG engaged in any unlawful discrimination, we affirm the district court's summary judgment.

I

Diaz, a man in his early sixties, worked for AIG in Florida as a claims adjuster in its automobile-insurance division. After he was fired, Diaz brought a an age-discrimination claim against AIG under the Florida Civil Rights Act, which makes it "an unlawful employment practice for an employer: (a) To discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. § 760.10(1).[1] In support of his claim, Diaz alleged that his supervisors (who were not responsible for personnel decisions) had once referred to him as "the guy with the experience" and "the old-timer." He also said

_____

[1] Diaz filed suit in state court, and AIG timely removed the action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a).

that his last work assignments had lengthened his daily commute by three hours and that his overall workload had sharply increased before his termination.

In support of its motion for summary judgment, AIG proffered testimony that Diaz had been a Miami-area "field agent" who drove a company car and whose commute had changed only because the company needed more adjusters to work near a new office in Fort Lauderdale. With respect to Diaz's increasing workload, AIG explained that it had given him additional assignments to help him meet productivity goals after his numbers dropped. And the company presented testimonial and documentary evidence showing that Diaz's termination had been authorized by its human-resources department after he failed to report for work and failed to explain his continued absence after an extended, two-week vacation.

In opposition to AIG's motion for summary judgment, Diaz argued that the company had wrongfully reassigned him to the Fort Lauderdale area after hiring independent contractors to cover his previous territory. Diaz contended that instead of moving him around, the company should have simply had the contractors work near Fort Lauderdale. He also testified that although *his* workload had increased, younger field agents had told him that *their* workloads remained constant. Finally, he insisted that he had never received notice of his

imminent termination and that he had been fired despite efforts to explain to his supervisors that he needed to miss work to attend a funeral.

II

We review the district court's order on a motion for summary judgment *de novo* and construe the facts in the light most favorable to the non-moving party. *Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 512 F.3d 1296, 1299 (11th Cir. 2008). "Summary judgment should be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

The Florida Civil Rights Act is patterned on the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. *City of Hollywood v. Hogan*, 986 So. 2d 634, 641 (Fla. Dist. Ct. App. 2008). Accordingly, both state and federal courts have held that "[f]ederal case law interpreting Title VII and the ADEA applies to cases arising under the [Florida Act]." *Id.*; *see also Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997) (citing *Morrow v. Duval Cnty. Sch. Bd.*, 514 So. 2d 1086 (Fla.1987)).

In *Gross v. FBL Financial Services*, the Supreme Court held that plaintiffs alleging disparate treatment in violation of the ADEA "must prove by a preponderance of the evidence (which may be direct or circumstantial)[] that age was the 'but-for' cause of the challenged employer decision." 129 S. Ct. 2343, 2350 (2009). In cases like this one involving circumstantial evidence,[2] an ADEA plaintiff must prove, at a minimum, that he suffered an adverse employment action, in a job for which he was qualified, and that similarly situated younger employees were treated more favorably. *See, e.g.*, *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998). Although the plaintiff's initial burden is "light," summary judgment is appropriate if he fails to establish any element of this "*prima facie* case." *Id.* at 1433–34.

At the outset, we note that neither assigning Diaz to the Fort Lauderdale area nor increasing his workload was an adverse employment action. It is not our role to second-guess AIG's business decisions, and changes to an employee's work assignments are rarely sufficiently "adverse" to warrant scrutiny under the anti-discrimination laws. *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1244

---

[2] Although Diaz alleged that his supervisors had once referred to him as an old-timer, "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

5

(11th Cir. 2001). On the facts here, no reasonable juror could conclude that assigning Diaz to a new territory or giving him additional work was, without more, an adverse employment action.

That leaves Diaz's termination for consideration. But he presented no convincing evidence that AIG fired him because of his age. At best, he showed only that two of his supervisors—neither of whom had the authority to fire him—made unfair work assignments and thought he was an "old-timer." Diaz tried to buttress this weak circumstantial evidence with conjecture about AIG's hidden motives, but his inability to show that the company treated any of its younger employees differently is fatal to his claim. *Cf. Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations [in an affidavit] without specific supporting facts have no probative value."). Although Diaz testified in his affidavit that younger AIG adjustors had told him that they had lighter workloads, the district judge properly disregarded those statements as hearsay. *See Macuba v. DeBoer*, 193 F.3d 1316, 1323 (11th Cir. 1999) ("[A] district court may consider a hearsay statement in passing on a motion for summary judgment" only if "the out-of-court statement made to the witness . . . [would be] admissible at trial for some purpose.").

6

Diaz's contention that he tried to contact his supervisors to explain his failure to report for work does not affect our conclusion. Representatives from AIG's human-resources department sent Diaz a letter requesting a direct explanation for his absence. Diaz's purported attempts to contact his supervisors, instead of human resources, were not responsive to that request.

Diaz maintains that he never received the letter, but we are not inclined to give this assertion much credence. For one thing, Diaz never contested the invoice AIG presented from the shipping company that confirmed the letter's delivery. Even though the letter bore the wrong address (as Diaz noted, 92nd "Street" instead of 92nd Avenue), the invoice shows that the shipping company delivered it to the right one. And Diaz's alternative explanation—that AIG knew he was out of town and unable to respond to the letter—appears only in his reply brief. *Cf. In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

At any rate, that Diaz may not have received the letter bears only tangential relevance to whether he suffered age discrimination. The real question is whether AIG would have kept him on its employment rolls "but for" his age. *Gross*, 129 S. Ct. at 2350. Without any direct evidence of discrimination, or at least some

circumstantial evidence that AIG gave its younger employees preferential treatment, no reasonable juror could conclude that Diaz had met his burden. The district court's summary judgment is

**AFFIRMED.**