[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2011
JOHN LEY
CLERK

No. 10-13628
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cv-00257-RS-MD

ROBERT WAYNE HART,

Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 7, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Wayne Hart, a white male, appeals the district court's order granting

summary judgment in favor of the government in this civil action alleging racial

and gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-16.[1] Hart was employed with the Federal Bureau of Prisons as a Correctional Counselor when he requested a transfer from the Federal Correctional Institution in Marianna, Florida ("FCI Marianna") to a nearby Federal Prison Camp ("Prison Camp"), but his request was denied, and an African-American female was assigned to the open position. Hart subsequently requested and was granted a transfer to a third facility at Marianna, called the Shawnee Unit. Hart argues that the district court erred in concluding that: (i) the refusal to transfer him to the Prison Camp was not sufficiently adverse, and (ii) his subsequent transfer to the Shawnee Unit was voluntary, and thus irrelevant when making his *prima facie* discrimination claim under Title VII.

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Id.* A court must

---

[1] Hart also alleged retaliation and other discrimination-based claims. The district court granted summary judgment on the retaliation and other claims for the same reasons it rejected his race and gender discrimination claims. Because Hart does not mention his retaliation or other claims on appeal, and does not expressly challenge the disposition of those claims in his brief to this Court, they are abandoned. *Carmichael v. Kellog, Brown & Root Serv., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 3499 (2010).

enter "summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 1344 (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986)).

A plaintiff may establish a *prima facie* case of discrimination through direct evidence or circumstantial evidence. *Dixon v. Hallmark Cos.*, 627 F.3d 849, 854-55 (11th Cir. 2010). When a plaintiff lacks direct evidence and must prove discrimination circumstantially, we evaluate the claims using the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), and *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 (1981). *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Under the applicable *prima facie* formulation, as cited by Hart in his brief, a plaintiff may establish discrimination circumstantially by showing, among other things, that he was subjected to an adverse employment action. *Id.*; *see also Van Voorhis v. Hillsborough County Bd. of County Com'rs*, 512 F.3d 1296, 1300 (11th Cir. 2008) (requiring proof of adverse employment action for a *prima facie* discrimination claim using direct evidence).

3

To prove an adverse employment action under Title VII's anti-discrimination clause, an employee must show "a serious and material change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). Under this standard, the employee's subjective view of the significance and adversity of the employer's action is not controlling. *Id.* Instead, the employment action must be materially adverse as viewed by a reasonable person in the circumstances. *Id.*

An adverse employment action is a "significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) (*quoting Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257 (1998)). An involuntary transfer to a different position may also be an adverse employment action if it "involves a reduction in pay, prestige, or responsibility." *Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000). Additionally, transfers that are a form of demotion or that disrupt investment in education, training, or seniority may qualify as an adverse employment action. *Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1452 (11th Cir. 1998). It is not enough that a transfer imposes some *de minimis*

4

inconvenience or alteration of responsibilities, however, because all transfers generally require an employee to engage in some learning, work with new people, and accept new responsibilities. *Id.* at 1453.

Essentially, Hart is challenging two actions by the government: (1) the refusal to transfer him to the Prison Camp and (2) his later transfer to the Shawnee unit. First, Hart failed to show that the denial of his request to transfer to the Prison Camp, standing alone, resulted in an adverse employment action. The evidence showed that the positions at FCI Marianna and the Prison Camp had the same salary, same pay grade, same responsibilities, same hours, and the same benefits. Additionally, Hart admitted that the Prison Camp position was only "slightly different" from his position at FCI Marianna. Thus, the refusal of his transfer request, on its own, was not materially adverse to Hart.

Second, even assuming Hart's subsequent transfer to Shawnee unit was involuntary and thus potentially relevant to his discrimination claims, he failed to show that the transfer was materially adverse as viewed by a reasonable person. Hart does not dispute that the positions at the Prison Camp and Shawnee Unit have the same salary, pay grade, and benefits. The only differences shown by Hart were that he was required to accept additional responsibilities at the Shawnee unit related to security, inmate transfers, inventory of inmate clothing and property,

5

monitoring inmate mail, and additional weekend coverage for inmate visitations. Although Hart demonstrated differences between the positions, some changes in responsibilities should be expected with any transfer. *See Doe*, 145 F.3d at 1453. None of the differences highlighted by Hart show that his transfer was a form of demotion or undermined his seniority or investment in training or education. *Id.* Furthermore, Hart did not show that the transfer to Shawnee resulted in any change in compensation, affected the prestige of his position, or reduced his responsibilities. *See Hinson*, 231 F.3d at 829. Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2]     Hart's request for oral argument is denied.