[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11852
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:08-cv-00550-RH-WCS

TROY G. AVERA,

                                        Plaintiff-Appellant,

versus

UNITED AIRLINES, INC.,
UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF TRANSPORTATION,
FEDERAL AVIATION ADMINISTRATION,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 13, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Troy G. Avera, a former United Airlines pilot, brought this action against

the United States of America (the government), the U.S. Department of

Transportation, and the Federal Aviation Administration (collectively, the federal defendants), and United Airlines, Inc.[1] He alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a), and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., and sought a declaratory judgment that the Fair Treatment of Experienced Pilots Act (the Pilots Act), 49 U.S.C. § 44729, and the FAA's "Age 60 Rule," 14 C.F.R. § 121.383 (2006), are unconstitutional. Avera contends that the district court erred when it: (1) denied his motion to compel discovery; (2) denied his motion to amend his complaint a second time; (3) denied his motion to "strike down" the Pilots Act and the Age 60 Rule; (4) granted the federal defendants' motion to dismiss; and (5) granted United's summary judgment motion on his ADEA and ERISA claims.

## I.

In 1959 the FAA issued the so-called Age 60 Rule that no person could serve as "a pilot on an airplane . . . if that person has reached his 60th birthday." 14 C.F.R. § 121.383(c). Avera became a pilot for United in 1995. In 2007, two months before his 60th birthday, he asked United to join him in petitioning the FAA to waive the Age 60 Rule for him. United declined, and the FAA later denied his petition.

---

[1]Avera is proceeding <u>pro</u> <u>se</u> but he is a licensed member of the Florida Bar.

2

At the time of the denial, there was speculation that Congress would invalidate the Age 60 Rule soon, allowing pilots to fly beyond their 60th birthday. Avera asked United to grant him an 18-month leave of absence to bridge the gap in his employment from the point he turned 60 to when, he hoped, the rule would be eliminated. United again said no, citing its policy to terminate leaves of absence when a pilot turned 60 years old and was ineligible to continue serving as a pilot under the Age 60 Rule. When Avera turned 60 years old, United fired him. Five months later, Congress passed the Pilots Act, which raised the mandatory retirement age to 65 years old.

Avera then applied for a pilot's position with United. He received an electronic error message rejecting his first application because his "answers did not satisfy minimum requirements" for the position. The reason it was rejected is that Avera answered in the negative a question about whether he was able to fly in all the countries United served. A United employee contacted him a month later and as a result of that conversation, Avera filled out a second application, which was accepted. After his second application was filed and accepted, Avera was put in United's pilot hiring queue; he was being considered for a pilot position until United instituted a hiring freeze a couple of months later.

Avera then filed two lawsuits alleging similar facts and making similar

claims. The first, which is the subject of this appeal, brought claims against United and the federal defendants and sought a declaratory judgment that the Pilots Act and the Age 60 Rule were unconstitutional. Avera's second lawsuit claimed that the union that represented him violated the ADEA, ERISA, and contract law. That second lawsuit also sought a declaratory judgment that the Age 60 Rule and the Pilots Act were unconstitutional. The government intervened in that case to defend the Age 60 Rule and the Pilots Act.

While the first lawsuit, the one involved in this appeal, was still pending the district court dismissed under Rule12(b)(6) all of Avera's claims in the second lawsuit and entered judgment against him. We affirmed the district court's judgment on every issue raised on appeal in that second lawsuit except for the dismissal on the merits of Avera's claims challenging the constitutionality of the Age 60 Rule. Avera v. Airline Pilots Ass'n Int'l, 436 F. App'x 969, 973–80 (11th Cir. 2011) (unpublished). We vacated that part of the district court's judgment and remanded with direction for the district court to dismiss that claim for lack of subject matter jurisdiction instead of on the merits. We did so because we concluded that 49 U.S.C. § 46110(a) grants the federal appellate courts exclusive jurisdiction to review a final order of the FAA and that the Age 60 Rule is considered a "final order." Avera, 436 F. App'x at 973.

Our opinion in the appeal of that second lawsuit was not issued until after the district court in this first lawsuit granted the federal defendants' motion to dismiss Avera's claims against them. The district court thereafter granted summary judgment against Avera on all of his claims against United. This is Avera's appeal from the judgment against him on all of those claims.

## II.

Avera contends the magistrate judge erred in denying his motion to compel discovery. We review a denial of a motion to compel discovery only for abuse of discretion. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). Failure to raise an issue in the district court generally is fatal because we usually do not consider an issue not passed upon below. Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1284–85 (11th Cir. 2003).

The magistrate judge denied Avera's motion to compel without prejudice because Avera had not sought to resolve his discovery dispute with United before filing his motion. See Fed. R. Civ. P. 37(a) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Avera could have reinstated or refiled his motion to compel after making an effort to resolve the matter by consulting with United

about it, but he never did.  There was no abuse of discretion.

III.

Avera contends that the district court erred by denying his untimely motion to amend his complaint for a second time, but he makes only conclusory statements without any real argument as to how the district court erred.  Therefore, he has waived this issue.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding that an issue was waived where the appellant "elaborate[d] no arguments on the merits as to this issue in its initial . . . brief").

IV.

To the extent Avera contends that the district court erred by granting the federal defendants' motion to dismiss on his ADEA claim against them, that also is waived because he does not present any arguments on this issue.  See id.

V.

Avera's contention that the district court erred in not striking down the Pilots Act as unconstitutional is barred because it "has already been litigated and resolved in a prior proceeding."  Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998).  Collateral estoppel applies only if:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation

6

must have been a critical and necessary part of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Id. (quotation marks omitted). All of those requirements are met here.

Avera pressed the same arguments against the Pilots Act's constitutionality —violation of the Equal Protection, Due Process, and Takings Clauses and the prohibition against bills of attainder—in his second lawsuit. The government intervened in that lawsuit. The district court entered judgment in it rejecting all of Avera's arguments and dismissing his claims involving the Pilots Act, and this Court affirmed that part of the judgment. Avera, 436 F. App'x at 973–78. Having had a full and fair opportunity to litigate those issues, Avera is collaterally estopped from arguing them again here.[2]

VI.

Avera's contention that the district court erred when it ruled that it did not have subject matter jurisdiction to review his appeal of an FAA decision denying him an exemption to the Age 60 Rule is without merit. See 49 U.S.C. § 46110(a) (placing exclusive jurisdiction to review an FAA order with the federal courts of

---

[2]Although the federal defendants did not raise a collateral estoppel defense against Avera's Pilots Act claims in the district court, we may raise on our own the preclusive effect of an earlier judgment. Cmty. State Bank v. Strong, 651 F.3d 1241, 1261 n.17 (11th Cir. 2011).

appeal).[3]

## VII.

Avera contends that the district court erred in its summary judgment rulings on his various Age Discrimination in Employment Act claims. We review de novo a district court's order granting summary judgment. Holloman, 443 F.3d at 836. "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." Id. at 836–37. "A grant of summary judgment may be upheld on any basis supported by the record." Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1277 (11th Cir. 2001).

All of Avera's ADEA claims have in common the premise that any action by United based on his age was unlawful. The ADEA generally makes it unlawful for an employer to fail to hire or to discharge or otherwise discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of an individual's age. 29 U.S.C. § 623(a)(1). An ADEA plaintiff must prove that age was the "but for" cause of the employer's adverse decision. Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1204 (11th Cir.

---

[3]To the extent Avera appeals the denial of his motion to "strike down" the Age 60 Rule, which the district court rejected because the Pilots Act had rendered the regulation and issue moot, we affirm that decision as Avera has failed to establish that the district court erred.

2010).  An ADEA plaintiff must also present evidence of an "adverse employment action," which is an "ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008) (quotation marks omitted).  Even if a plaintiff makes a prima facie showing of discrimination, the employer may proffer a nondiscriminatory reason to rebut that presumption, and in order to prevail, a plaintiff must prove that the proffered reason "was a pretext to mask unlawful discrimination." Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1344 (11th Cir. 2003).

A.

Avera argues that the district court erred in ruling that the Pilots Act precluded his ADEA claim based on the termination of his employment.  But the Pilots Act clearly states that "[a]n action taken in conformance with [the Age 60 Rule] (as in effect before [the Pilots Act's] enactment), may not serve as a basis for liability or relief in a proceeding, brought under any employment law or regulation."  49 U.S.C. § 44729(e)(2) (emphasis added).  United's action in terminating Avera's employment was taken in conformance with the Age 60 Rule

9

while that rule was still in effect. The court did not err.

## B.

Avera argues that the district court erred by granting summary judgment in favor of United on his claim that United's refusal to grant him a leave of absence violated the ADEA. The court found that United's policy of denying a leave of absence to pilots after they reached 60 years was an attempt to comply with the Age 60 Rule. Avera does not contend that the district was wrong about that finding. The district court properly granted summary judgment in favor of United on this claim. See Mora, 597 F.3d at 1204.

## C.

Avera argues that the district court erred in granting summary judgment in favor of United on his claim that United violated the ADEA by not rehiring him as a pilot following the enactment of the Pilots Act. He asserts that the reason he was not rehired was his age. Assuming Avera established a prima facie case of discrimination, United offered nondiscriminatory reasons why he was not rehired: he was not put in the hiring queue initially because he incorrectly filled out his first application, and by the time he corrected that error in a second application and he was being considered for the position, a hiring freeze was put into effect. Because there is no evidence creating a genuine issue about those facts, the district

10

court correctly granted summary judgment against Avera on this ADEA claim.

D.

Avera also argues that the district court erred in granting summary judgment against him on his claim that United violated the ADEA by refusing to hire him as a flight simulator instructor. However, because it is undisputed that Avera never applied for such a position, he cannot establish any "adverse employment action" by United. See Van Voorhis, 512 F.3d at 1300. It follows that there was no genuine issue of material fact precluding summary judgment on this claim.[4]

VIII.

Finally, Avera contends the district court erred in granting summary judgment in favor of United on his ADEA and ERISA claims regarding certain distributions of United securities and on his ERISA claim alleging an illegal cutback of insurance benefits. Because Avera's ADEA and ERISA claims regarding the distributions of United securities were not raised in his amended complaint, they are not properly before this Court. See Iraola & CIA, S.A., 325 F.3d at 1284–85. In addition, Avera has abandoned any claims regarding changes

---

[4]Avera also asserts in passing that United violated the ADEA by refusing to join him in his FAA exemption petition requesting that he be exempted from the Age 60 Rule, but a passing reference is insufficient to preserve an issue on appeal. See Greenbriar, Ltd., 881 F.2d at 1573 n.6.

to his retirement insurance benefits by failing to make a sufficient argument to us about them.  See Greenbriar, Ltd., 881 F.2d at 1573 n.6.

**AFFIRMED.**