*816 In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Graham, J.), dated March 23, 2012, which, in effect, denied his motion, inter alia, pursuant to CPLR 3126 to dismiss the complaint and granted those branches of the plaintiffs cross motion which were, in effect, for a protective order pursuant to CPLR 3103 (a) to the extent of directing that the plaintiffs deposition be conducted by the use of “Skype” or other comparable video-conferencing format and that the plaintiffs counsel shall provide a list of five or more doctors “in a city that is practical for the plaintiff to travel” for the purpose of conducting an independent medical examination of the plaintiff.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiffs cross motion which was, in effect, for a protective order pursuant to CPLR 3103 (a) to the extent of directing that the plaintiffs counsel shall provide a list of five or more doctors “in a city that is practical for the plaintiff to travel” for the purpose of conducting an independent medical examination of the plaintiff, and substituting therefor a provision granting that branch of the motion to the extent of directing that the plaintiff shall appear for an independent medical examination by a physician designated by the defendant, at such location and time as the defendant shall specify; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff to the defendant.
On a prior appeal, this Court permitted the plaintiffs deposition to be conducted by remote electronic means (see Yu Hui Chen v Chen Li Zhi, 81 AD3d 818 [2011]). By directing that the plaintiffs deposition be conducted in this manner, this Court was able to reasonably accommodate the plaintiffs predicament of not being able to travel to New York for the deposition. In light of our determination on that prior appeal, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs cross motion which was, in effect, for a protective order pursuant to CPLR 3103 (a) to the extent of directing that his deposition be conducted by the use of “Skype” or other comparable video-conferencing format (see generally Caro v Marsh USA, Inc., 101 AD3d 1068, 1069 [2012]; Ito v Dryvit Sys., 5 AD3d 735 [2004]).
However, with regard to the independent medical examination of the plaintiff, the same reasonable accommodation cannot be achieved. Under the unique circumstances of this case, the equities weigh in favor of permitting the defendant to designate *817 the doctor who will conduct the independent medical examination of the plaintiff, at such location and time as the defendant shall specify (see CPLR 3121 [a]; 22 NYCRR 202.17 [a]). “[T]he defense must be able to retain a doctor in whom they have confidence to not only perform the examination, but to be in a position to testify as well” (Chong v New York Downtown Hosp., 2012 NY Slip Op 32877[U], *4 [Sup Ct, NY County 2012]). The designation of the doctor who will conduct the independent medical examination of the plaintiff shall not be limited or circumscribed by the plaintiff.
The Supreme Court did not address that branch of the defendant’s motion which was for the posting of security for costs pursuant to CPLR 8501. Accordingly, we not address the defendant’s contentions regarding that issue, as that branch of the motion remains pending and undecided (see Katz v Katz, 68 AD2d 536, 543 [1979]).
The parties’ remaining contentions are without merit. Mastro, J.E, Rivera, Lott and Cohen, JJ., concur.