Matter of Global Liberty Ins. Co. v Perez (2019 NY Slip Op 00548)





Matter of Global Liberty Ins. Co. v Perez


2019 NY Slip Op 00548


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8214 20041/16

[*1]In re Global Liberty Insurance Company, Petitioner-Appellant,
v
Nestor Ruben Perez, Respondent, Angela Flores, et al. Proposed Additional Respondents-Respondents.


Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Russo & Tambasco, Melville (Andrew Weber of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 6, 2018, which denied petitioner Global Liberty Insurance Company's (Global Liberty) motion, pursuant to CPLR 4404(b), to set aside a prior order (same court and Justice), entered on or about July 12, 2017, denying Global Liberty's motion for a continuance of the framed-issue hearing after the two witnesses subpoenaed by Global Liberty failed to appear, and dismissing the petition on the ground that Global Liberty failed to present any witnesses or other evidence, unanimously reversed, on the law and the facts, without costs, the CPLR 4404(b) motion granted, the July 12, 2017 order vacated, Global Liberty's continuance granted, and the court is directed to reschedule the framed issue hearing after Global Liberty has an opportunity to seek to enforce the subpoenas.
"It is an abuse of discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence" (Balogh v H.R.B. Caterers, 88 AD2d 136, 141 [2d Dept 1982]). Here, there is no evidence that petitioner Global Liberty was dilatory in issuing subpoenas to the officer who responded to the scene or to respondent Nestor Ruben Perez, neither of whom appeared at the framed issue hearing. Nor is there any evidence that petitioner was in any way responsible for these witnesses' failure to appear. The issue about which they would testify, i.e., whether the vehicle involved in the accident, which fled the scene, was a 2003 Subaru or a 2005 Chevrolet, is central to the issue of whether that vehicle was stolen or was driven by Flores's ex-husband who reported it stolen. Moreover, while Flores and GEICO claim prejudice on the ground that Flores's ex-husband has left the country, Global Liberty has made it clear that it would consent to having him testify by electronic means (cf. Yu Hui Chen v Chen Li Zhi, 109 AD3d 815 [2d Dept 2013]), a concession not addressed by Flores and GEICO or the court below.
Under these circumstances, it was an improvident exercise of the court's discretion to deny petitioner's CPLR 4404(b) motion to set aside the July 12, 2017 order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK