[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

No. 08-16113
_____

D. C. Docket No. 07-22239-CV-JAL

JOSEPHINE MORA,

Plaintiff-Appellant,

versus

JACKSON MEMORIAL FOUNDATION, INC.,
a Florida non-profit corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2010)

Before EDMONDSON and PRYOR, Circuit Judges, and CAMP,[*] District Judge.

_____

[*]Honorable Jack T. Camp, United States District Judge for the Northern District of
Georgia, sitting by designation.

PER CURIAM:

Josephine Mora ("Plaintiff") sued her former employer, Jackson Memorial Foundation ("Defendant") for wrongful termination under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C §§ 621–34. The district court granted summary judgment to Defendant because the court concluded that Defendant would prevail under a "same decision" affirmative defense. After Plaintiff filed her appeal, the Supreme Court's ruling in Gross v. FBL Financial Services`, 129 S. Ct. 2343 (2009), rejected "mixed motive" age discrimination claims as well as "same decision" affirmative defenses. Considering Gross and the traditional summary judgment standard, we conclude that material factual matters are in dispute. Therefore, we vacate the summary judgment.

## I. Background

Plaintiff, who was 62 at the pertinent time, worked for Defendant as a fundraiser. She initially worked under Ms. Chea in the International Kids Fund ("IKF"), a division of the Defendant, where she conducted media relations in addition to soliciting donors. Chea grew dissatisfied with Plaintiff's work and

2

recommended to Defendant's chief executive Mr. Rodriguez that Plaintiff's employment be terminated. According to his affidavit, Rodriguez agreed, but later decided to give Plaintiff a different position in his own office "where he could observe her more closely." Rodriguez did not inform Plaintiff that she had been terminated from her position at IKF. Plaintiff worked with Rodriguez for a month, and more errors and professionalism issues supposedly arose.

Plaintiff contends that Rodriguez called her into his office at the end of the month and fired her, explaining that "I need someone younger I can pay less . . . I need an Elena [Quevedo, a 25 year old employee]." Another coworker and former Jackson Memorial Foundation employee, D. K., alleges that she heard this conversation, adding that she heard Rodriguez say to Plaintiff ". . . you are very old, you are very inept. What you should be doing is taking care of old people. They really need you. I need somebody younger that I can pay less and I can control." M. L., another former Foundation employee, stated that Rodriguez explained to her and Quevedo that "[Plaintiff] is too old to be working here anyway." Rodriguez denies that he made the discriminatory-sounding statements, and Quevedo substantiates Rodriguez's version of events.

Defendant moved for summary judgment, arguing that even if it had not discriminated against Plaintiff, her employment would still have been terminated

3

for poor job performance.  The district judge agreed, concluding that Defendant met its burden of persuasion under the "same decision" affirmative defense.

## II. Discussion

We review the grant of a motion for summary judgment de novo and resolve all reasonable factual doubts in favor of the non-movant.  Van Voorhis v. Hillsborough County Bd. of County Comm'rs, 512 F.3d 1296, 1299 (11th Cir. 2008).

## A. Procedural Background and Gross

The district court considered the Defendant's motion for summary judgment under the burden-shifting standard set out in Price Waterhouse v. Hopkins, 109 S. Ct. 1775 (1989).  In Price Waterhouse, the Supreme Court set out a "burden shifting" procedure for "mixed motive" discrimination claims under Title VII. Briefly stated, under Price Waterhouse, once a plaintiff shows that race or sex discrimination was a motivating or substantial factor in an employment decision, the burden of persuasion shifts to the employer to demonstrate by a preponderance

of the evidence that the employer would have made the "same decision" in the absence of the discriminatory motive.  See id. at 1795; see also Steger v. Gen. Elec. Co., 318 F.3d 1066, 1075 (11th Cir. 2003).

Defendant argued in district court that summary judgment was appropriate pursuant to this "same decision" affirmative defense.  It contended that, given Plaintiff's poor work, more than a preponderance of evidence showed that Defendant would have fired her, regardless of a discriminatory motive.  Plaintiff countered by contending that the burden of persuasion in a motion for summary judgment -- that no reasonable juror could find in the nonmovant's favor -- was inconsistent with the Price Waterhouse preponderance standard.

The district court disagreed with Plaintiff and concluded that no reasonable juror would dispute that Defendant had met its affirmative defense burden.  The district judge wrote that Defendant had demonstrated that Plaintiff's termination was inevitable, given the number and severity of her workplace problems.

After Plaintiff appealed, the Supreme Court in Gross clarified the nature of ADEA claims. The Supreme Court concluded that ADEA claims are not subject to the burden-shifting protocol set forth for Title VII suits in Price Waterhouse. Gross, 129 S.Ct. at 2349 ("This Court has never held that [Price Waterhouse's] burden-shifting framework applies to ADEA claims. And, we decline to do so

5

now.").  In addition, the Supreme Court ruled out the idea of a "mixed motive" ADEA claim, instead requiring plaintiffs to show that age was the "but for" cause of an employment action.  Id. at 2350.  The ADEA requires that "age [be] the 'reason' that the employer decided to act."  Id.  Because an ADEA plaintiff must establish "but for" causality, no "same decision" affirmative defense can exist: the employer either acted "because of" the plaintiff's age or it did not.  Id. at 2352 ("The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.").

Because the Supreme Court has excluded the whole idea of a "mixed motive" ADEA claim -- and the corresponding "same decision" defense -- we need not consider the district court's analysis of Defendant's  affirmative defense. Instead, we look at Defendant's motion for summary judgment in accord with the "ordinary default rule that plaintiffs bear the risk of failing to prove their claims." Id. at 2351.  Making all reasonable inferences in Plaintiff's favor, we look to determine whether a material factual question exists on this record about whether Defendant discriminated against her.  We say "Yes."

B. Direct or Circumstantial Evidence of Discrimination

A plaintiff in an ADEA claim may "establish a claim of illegal age discrimination through either direct evidence or circumstantial evidence.[1]" Van Voorhis, 512 F.3d at 1300. Plaintiff's testimony that Rodriguez fired her because she was "too old" was substantiated by the affidavits of two other employees of Defendant. Rodriguez and Quevedo testified that no such comments were made, and Defendant contends that Plaintiff's proffered evidence is internally inconsistent. Plaintiff's claim depends on whether Rodriguez made these age-related remarks, because she relies on no other discriminatory conduct or statements during her employment at Defendant.

The resolution of this case depends on whose account of the pertinent conversations a jury would credit. We conclude that a reasonable juror could accept that Rodriguez made the discriminatory-sounding remarks and that the remarks are sufficient evidence of a discriminatory motive which was the "but for" cause of Plaintiff's dismissal. Summary judgment for Defendant was therefore incorrect.

---

[1]Both parties spent considerable time debating whether Plaintiff's retelling of her termination constitutes "direct" or "circumstantial" evidence. Because Plaintiff's account of her termination is at least circumstantial evidence of discrimination, we need not determine if it is direct evidence on this appeal.

7

We have considered cases factually similar to Plaintiff's. In Van Voorhis, we concluded that statements from a county official who "didn't want to hire any old pilots" were direct evidence of discrimination and that the burden should therefore shift to the defendant-employer. Van Voorhis, 512 F.3d at 1300. In Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354 (11th Cir. 1999), we likewise concluded that an employer's statement that he wanted "'aggressive, young men' like himself to be promoted" was circumstantial evidence of discrimination. Id. at 1362. See also Alphin v. Sears, Roebuck & Co., 940 F.2d 1497, 1499–1501 (11th Cir. 1991) (finding remark by supervisor to plaintiff that he had "been around too long and [was] too old and [was] making too much money" immediately after a "corrective interview" to be circumstantial evidence of age discrimination).

While these cases were litigated under the now-defunct ADEA mixed motive theory, they remain instructive. Plaintiff's situation is similar. A reasonable juror could find that Rodriguez's statements should be taken at face value and that he fired Plaintiff because of her age. For us to conclude otherwise would be to deny Plaintiff the benefit of resolving all reasonable inferences in her favor as the nonmoving party. Given the disputed question of material fact, Defendant was unentitled to a summary judgment. So we VACATE the judgment

8

and remand for further proceedings.[2]

VACATED and REMANDED.

---

[2]We deny Mora's request that this case be reassigned to a different judge on remand. Reassignment is unnecessary.