[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14886
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-00139-WLS

SHIRLEY MORRISON,

Plaintiff–Appellant,

versus

CITY OF BAINBRIDGE, GA,
CHRIS HOBBY,
STEVE MCKOWN,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 27, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Shirley Morrison appeals from the district court's order granting summary judgment in favor of her former employer, the City of Bainbridge, Georgia, (City) on her Age Discrimination in Employment Act (ADEA) claim. She also appeals the dismissal of her 42 U.S.C. § 1983 claims against her former supervisors Chris Hobby and Steve McKown. But because we conclude that district court properly granted summary judgment and dismissed Morrison's § 1983 claims, we affirm.

I.

Morrison began working in the City's purchasing department in 1977 and shortly thereafter, she became the director of that department, a position she held for 27 years. In 2003, the City appointed Hobby as the city manager and the next year he began a reorganization of the city government. Whereas Morrison previously had reported directly to the city manager, after the reorganization her department was placed under a newly created department headed by McKown, who was now also her direct supervisor.

The new arrangement was not free from problems. At one point, McKown asked Morrison to prepare a bid for two garbage trucks. Morrison told McKown that she did not think the purchase had been approved in the City's budget. McKown told her that he would take care of the issue with the accountants, but to go ahead and prepare the bids. Instead, Morrison went to Hobby, and told him of

2

her concerns. Although Morrison was right, Hobby and McKown met with her and reprimanded her for going outside the chain of command. Hobby and McKown also took the occasion to inform her of several other performance deficiencies, including complaints from both outside vendors and her subordinates.

Morrison responded to her reprimand by writing a letter, in which she said she had been unaware of her shortcomings and that she would work to improve. Four months later, McKown gave Morrison her annual performance review and he commended her efforts to improve her working relationships and act professionally. As a result, McKown recommended that Morrison receive a merit raise, which Hobby approved.

But in February 2005 McKown received a complaint from Morrison's secretary about an argument she had had with Morrison. McKown investigated and spoke with several of Morrison's subordinates, whom he asked to give him statements. As a result of his investigation, he concluded that Morrison was still fostering an unsatisfactory work environment and causing conflict with her employees. McKown suspended Morrison and recommended that Hobby terminate her.

Hobby reviewed McKown's recommendation and asked him for more

information. After receiving that information from McKown, and based on his own experience with Morrison, Hobby concluded that the work environment she had fostered was unacceptable and he fired her. Morrison appealed her termination to Hobby and after he reaffirmed his decision, she appealed to a grievance commission, which also affirmed the decision. Neither of her appeals mentioned that she felt she had been fired based on unlawful discrimination.

Morrison then sued the City alleging that she had been terminated because of her age in violation of the ADEA. She also sued McKown and Hobby under 42 U.S.C. § 1983 alleging that they had discriminated against her because of both her sex and age.[1] Morrison's sole evidence of age discrimination was a comment she overheard McKown make in October 2004 that he was "going to get these old folks out of here and bring in some new blood." Morrison also offered evidence from several of her coworkers who had heard McKown say similar things.

The district court dismissed the § 1983 claims against McKown and Hobby on qualified-immunity grounds after it concluded that sex-plus-age discrimination claims, like Morrison's, are not actionable under § 1983. The district court also granted summary judgment in favor of the City because it concluded that Morrison

---

[1] Morrison also brought a Title VII claim for sex discrimination against the City, but she abandoned that claim in the district court and it is not at issue in her appeal.

had failed to make a prima facie case for age discrimination under the ADEA and alternatively, even if she had, she failed to provide any evidence that the City's proffered nondiscriminatory reason for her termination was pretextual. On appeal Morrison argues that those decisions were incorrect.

## II.

We review a district court's order granting summary judgment *de novo*. *Mora v. Jackson Memorial Found., Inc.*, 597 F.3d 1201, 1203 (11th Cir. 2010).

A plaintiff may prove an ADEA claim through direct or circumstantial evidence or statistical proof. *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1226 (11th Cir. 1993). Direct evidence is that which establishes discriminatory intent without inference or presumption. *Id.* But "[o]nly the most blatant remarks whose intent could only be to discriminate on the basis of age constitute direct evidence." *Id.* If a plaintiff's evidence of age discrimination is circumstantial, we apply the burden shifting framework from *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *Clark*, 990 F.2d at 1226.

Morrison argues that the district court should not have applied the *McDonnell Douglas* framework to her case because McKown's October 2004 statement (and similar statements he made) was direct evidence of discrimination. But we conclude that it was circumstantial.

5

Evidence that only suggests discriminatory intent is by definition circumstantial. *Burrell v. Bd. Of Trustees of Ga. Military Coll.*, 125 F.3d 1390, 1393–94 (11th Cir. 1997). Moreover, remarks by non-decisionmakers, like McKown*,* or remarks that are not related to the decision-making process are not direct evidence. *Standard v. A.B.E.L. Servs.*, 161 F.3d 1319, 1330 (11th Cir. 1998). Although one could infer from McKown's statement that he harbored an animus toward older workers, it does not unambiguously suggest that Morrision was terminated because of her age.

When the statement was made is also relevant. *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1227–28 (11th Cir. 2002). Although it was made only four months before Morrison was fired, it was only a month later that McKown commended Morrison for her efforts to create a better work environment and recommended that she receive a raise. Accordingly, because Morrison's evidence of discrimination was circumstantial, the district court properly analyzed her ADEA claim under the *McDonnell Douglas* test. We now turn to Morrison's argument that the district court erred in granting summary judgment under *McDonnell Douglas* because McKown's October 2004 statement was evidence

that the proffered reason for her dismissal was pretextual.[2]

Under the *McDonnell Douglas* test, the plaintiff bears the initial burden of establishing a prima facie case. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). Once a plaintiff has established a prima facie case, the employer then has an opportunity to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *Id.* If the employer proffers such an explanation, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the defendant's explanation is merely a pretext. *Id.* A claimant cannot establish pretext by simply demonstrating facts that suggest discrimination, but must specifically respond to the employer's explanation and rebut it. *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1309 (11th Cir. 2007). A reason is not pretextual unless it is shown both that the reason was false, and that discrimination or retaliation was the real reason. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006).

Here the district court correctly found that Morrison had failed to present

---

[2] Although the district court found that Morrison failed to establish a prima facie case of discrimination it also found that she had failed to rebut the City's proffered nondiscriminatory reason for her termination. We do not address whether Morrison made out a prima facie case and instead focus on the district court's second finding for two reasons. First, on appeal the City concedes that she made out a prima facie case, and second, when an employer has offered a legitimate, nondiscriminatory reason for an employee's termination, whether a plaintiff made out a prima facie case is almost always irrelevant in considering a motion for summary judgment. *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 492 (D.C. Cir. 2008).

7

evidence rebutting the City's proffered reason for her termination. Morrison was fired for creating an unsatisfactory and conflict-riven work environment, and she failed to present any evidence that the statements given by her subordinates were untrue. Nor did she dispute that she and her secretary argued. Although Morrison notes that she was correct about the bid for garbage trucks not having been approved in the City's budget, she was nonetheless reprimanded by Hobby for subverting McKown's position as her supervisor. Because Morrison did not present evidence to rebut the City's proffered reason, we conclude the district court was correct to grant summary judgment on her ADEA claim.

III.

We now turn to Morrison's argument that the district court erred in dismissing her § 1983 claims for sex-plus-age discrimination against McKown and Hobby. The district court did so for two reasons. First, it found the defendants were entitled to qualified immunity. Second, it found that sex-plus-age discrimination claims are not actionable under § 1983.

We review a district court's order dismissing a claim *de novo*. *Collier v. Dickinson*, 477 F.3d 1306, 1308 (11th Cir. 2007). A government official is entitled to qualified immunity if, under the facts as alleged, his official conduct did not violate a clearly established statutory or constitutional right of which a

8

reasonable person would have known. *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1181 (11th Cir. 2009).

Although the parties contest whether Morrison can make a § 1983 claim for sex-plus-age discrimination, we will assume she can. But even having made that assumption, we conclude that the district court properly dismissed her complaint because it does not sufficiently allege a cause of action.[3]

In her complaint, Morrison made conclusory allegations McKown and Hobby discriminated against her based on her sex and age, but failed to provide any factual basis to support that assertion. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, we conclude that the district court properly dismissed Morrison's § 1983 claims against McKown and Hobby and do not reach the question whether they were entitled to qualified immunity.

---

[3] Although the district court granted McKown and Hobby's motion to dismiss because it concluded that a sex-plus-age discrimination claim was not viable under § 1983 and because it found the defendants were entitled to qualified immunity, the defendants also challenged the sufficiency of Morrison's complaint, and we may affirm on any ground supported by the record. *Ironworkers Local Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1360 (11th Cir. 2011).

**AFFIRMED.**