[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

No. 10-15689
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00399-CB-C

THOMAS M. GORTEMOLLER,

Plaintiff - Appellant,

versus

INTERNATIONAL FURNITURE MARKETING, INC.,
STANDARD FURNITURE MANUFACTURING COMPANY, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 20, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Thomas Gortemoller appeals the district court's grant of summary judgment in favor of International Furniture Marketing, Inc. and Standard Furniture Manufacturing Company, Inc. (collectively, "Defendants") in his employment discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.  First, Gortemoller argues that he made a *prima facie* case of discrimination under the ADEA because he presented sufficient evidence to demonstrate that Todd Evans, a younger individual, replaced him.[1]  Second, Gortemoller contends that he demonstrated a genuine issue of material fact as to whether the Defendants' articulated reason for his termination was pretextual.

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party.  *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.

---

[1]  Gortemoller argues, for the first time on appeal, that he is entitled to relief under a "reduction-in-force" theory.  Such claims do not require the plaintiff to prove that he was replaced by a younger individual.  *See Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir. 1997).  But because Gortemoller did not raise his reduction-in-force argument before the district court, it is waived and will not be considered.  *See Access Now v. Sw. Airlines Co.*, 385 F.3d 1324, 1329–31 (11th Cir. 2004).

R. Civ. P. 56(c)(2).[2]  "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor."  *Chapman*, 229 F.3d at 1023 (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (internal quotation marks and citations omitted)).  "'The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'"  *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986)).  Consequently, "[i]f the evidence is *merely colorable*, or is *not significantly probative*, summary judgment may be granted."  *Id.* (quoting *Anderson*, 477 U.S. at 249–50, 106 S. Ct. at 2511) (emphasis in original).

The ADEA prohibits employers from discriminating against employees who are at least 40 years old on the basis of age.  29 U.S.C. §§ 623(a)(1), 631(a).  A plaintiff must prove through direct or circumstantial evidence "that age was the 'but for' cause of" the discharge.  *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d

---

[2]  As of December 1, 2010, Federal Rule of Civil Procedure 56(a) now contains the summary judgment standard.  It reads, in pertinent part, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Because the district court issued its order on November 29, 2010, we cite the version of the rule effective at that time.

1201, 1204 (11th Cir. 2010) (per curiam) (citing *Gross v. FBL Fin. Servs., Inc.*, ___ U.S. ___, 129 S. Ct. 2343, 2350 (2009)).  We use the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973), "to evaluate ADEA claims that are based upon circumstantial evidence of discrimination."  *Chapman*, 229 F.3d at 1024.

"Under that framework, the plaintiff must first establish a prima facie case of discrimination."  *Id.*  He may do so by showing "that he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual."  *Id.*  If the plaintiff establishes his *prima facie* case, the defendant "must articulate a legitimate, nondiscriminatory reason for the challenged employment action."  *Id.*  At that point, the plaintiff must proffer evidence sufficient to permit a reasonable factfinder to conclude that the employer's reasons are a pretext for discrimination.  *Id.*

Only the fourth element of Gortemoller's *prima facie* case is disputed; therefore the only issue on appeal is whether he was replaced by or otherwise lost his position to a younger individual.  To make this determination, we consider, among other things, Gortemoller's position and responsibilities.  *See Hawkins v. Ceco Corp.*, 883 F.2d 977, 982–84  (11th Cir. 1989) (evaluating this fourth

4

element in the context of racial discrimination). Gortemoller's responsibilities included: (1) conducting research to determine what new product to produce, (2) creating specifications and working with designers on product, (3) selecting designs produced by Defendants' designers, (4) developing and merchandising product, (5) traveling overseas to look at product, and (6) traveling to market to sell product and evaluate the competition.

The record evidence demonstrates that Gortemoller was not replaced by a younger individual. When Gortemoller was fired, Defendants streamlined their product-design process by implementing a web-based computer program called Design Net, which allows salespeople to communicate directly with designers about what products are needed and allows customers to provide feedback directly to salespeople and designers. While Evans—who Defendants employed for eight years leading up to Gortemmoler's termination—oversees this streamlined process, he does not perform Gortemoller's former duties; no one in particular does, as the Defendants replaced their top-down process, in which one person (Gortemoller) acted as an intermediary between salespeople, customers, and designers and made the decisions about what and how products were made, with a decentralized process, in which salespeople, customers, and designers communicate directly with one another and make decisions together, through this

5

communication, about what and how products are made. Further, the only duty that Evans now performs that arguably resembles a duty Gortemoller used to perform—traveling overseas to look at products—is something that Evans did before and after Gortemoller was terminated; it is not a duty for which Evans became responsible after Gortemoller's was terminated.

Because the record evidence indicates that Evans did not replace Gortemoller, but that his responsibilities are now satisfied by Defendants' use of Design Net, the district court did not err in determining that Gortemoller failed to establish a *prima facie* case of age discrimination. Because we affirm on that basis, we need not address Gortemoller's pretext argument. *See Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1082 (11th Cir. 2005) (per curiam) (ceasing its analysis after concluding plaintiff failed to carry his burden under *McDonnell Douglas*).

**AFFIRMED.**