[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11421
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cv-00202-WTM-GRS

SIMPSON & CREASY, P.C.,
NEIL A. CREASY,

                              Plaintiffs-Counter Defendants-Appellants,

                    versus

CONTINENTAL CASUALTY COMPANY,

                              Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 12, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Neil A. Creasy[1] sued his professional liability insurer, Continental Casualty Company, to determine whether his insurance policy covered a claim made against him by a former client. Creasy's policy only covers claims that are both first made against him and reported to Continental within the policy period, which ran from April 1, 2009 to April 1, 2010. Although the former client sued Creasy within the policy period and Creasy reported the claim to Continental shortly thereafter, the district court granted summary judgment because it found that Creasy's client had actually made several claims against him before the policy period began. We affirm in part, but also remand to the district court so that it may consider one unresolved issue.

I.

On July 18, 2008, Cynthia Permenter fired Creasy as her attorney and asked that he send her a copy of her file and their retainer agreement. Shortly thereafter, Permenter hired another lawyer who wrote to Creasy asking him to produce records related to certain transactions that Creasy had undertaken on Permenter's behalf. Permenter's counsel wrote that she had

_____

[1] Although Creasy's law firm, Simpson & Creasy, P.C., was also a plaintiff in this lawsuit, all of the events concern only Creasy himself. Accordingly, we will just refer to Creasy throughout this opinion for the sake of simplicity.

concerns and questions regarding . . . the handling of funds/net proceeds from the sale of her home and property . . . and the handling of transactions involving the sale of her interests in one or more companies and the resulting transactions and proceeds.

By August 2008, Creasy had entered into a tolling agreement with Permenter's counsel. Permenter's counsel also sent Creasy a letter asking that Creasy inform Continental of Permenter's possible claims and forward some information about his policy carrier, as Georgia law requires. On August 18, 2008, Creasy responded with the statutorily-required information but wrote:

> [S]o far as I know Cindy's only claim has been that I owe her money. I am not aware of any potential malpractice claim, so notice to our carrier would be premature. Therefore, I ask that you forbear in contacting [Continental] until such time as you determine there is some basis for a malpractice claim . . . .

On October 31, 2008, Creasy sent Permenter's counsel another letter in which he wrote:

> Tyler, I appreciate you and Jeff carefully looking into this matter rather than simply filing suit based on the story [Permenter] has related to you. Many attorneys would not have been so considerate. However, I do hope this matter can be speedily concluded now that you have this information. *The simple fact is, far from having misappropriated any of Cindy's property, I loaned her a very significant amount of money which has not be[en] repaid.* . . . Please carefully review the information I have provided you, let me know if there is anything else you need, and *try to show [Permenter] I have not cheated her.*

3

Creasy's policy only covers claims both made and reported within the policy period, which ran from April 1, 2009 until April 1, 2010. The policy defines a claim as:

> a demand, including the service of suit or the institution of any alternative dispute, received by the Insured for money or services arising out of an act or omission, including personal injury, in the rendering of or failure to render legal services.

Creasy and Permenter were unable to resolve their dispute to Permenter's satisfaction and so in October 2009 she sued Creasy. Creasy then sued Continental to establish whether the policy covered Permenter's lawsuit.

In Creasy's suit against Continental, the district court found that he was not entitled to coverage because Permenter's claims were made before the policy period began. The district court found that four events established that Permenter made a claim against Creasy before the policy period began. First, it found that Permenter's request for her file was a claim. Second, it found that the investigation by Permenter's new counsel and his correspondence with Creasy constituted a claim. Third, it found that entering the tolling agreement meant a claim had been made. And finally, it found that Permenter's request that Creasy notify his professional liability insurer was also a claim. Accordingly, the district court granted summary judgment for Continental. On appeal, Creasy argues that

4

the district court's finding that a claim had been made before April 1, 2009 was incorrect. Creasy also argues that even if that finding was correct, the district court erred by failing to address whether he was entitled to coverage for claims made against him for the first time in Permenter's lawsuit.

## II.

We review a district court's order granting summary judgment *de novo*. *Mora v. Jackson Memorial Found.*, 597 F.3d 1201, 1203 (11th Cir. 2010). A party is entitled to summary judgment if, after an adequate time for discovery has passed, it can demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is also appropriate if no reasonable jury could find for the non-moving party based on the "disputed" evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

In a diversity case like this one, we apply state substantive law. *Employers Mut. Cas. Co. v. Mallard*, 309 F.3d 1305, 1307 (11th Cir. 2002). Here, the parties agree that Georgia law applies. And under Georgia law, insurance policies are interpreted using the standard rules of contract construction. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 498 S.E.2d 492, 494 (Ga. 1998).

## III.

5

We conclude that Creasy's August 18, 2008 letter establishes that Permenter made a claim against Creasy before the policy period began. Although she had not yet sued him, the policy's definition of claim does not require suit to have been filed. In the August 18, 2008 letter Creasy acknowledged that Permenter claimed that he owed her money. And that is a claim under the policy as it was "a demand . . . received by the Insured for money . . . arising out of an act or omission . . . in the rendering of or failure to render legal services." Although Creasy disclaimed the existence of any malpractice claim in the August 18, 2008 letter, his view of Permenter's demands does not affect our interpretation of the contract. And it is clear from the parties' correspondence that Creasy knew Permenter's concerns were about actions undertaken as her lawyer and that she demanded that he repay her. Because the August 18, 2008 letter and other correspondence establish that a claim was made before the policy period began on April 1, 2009, the district court properly granted summary judgment regarding claims made against Creasy about the sale of Permenter's home and her stock. Accordingly, we affirm in part.

Creasy also argues that the district court erred by not addressing whether he was entitled to coverage for two claims he argues were first made in Permenter's lawsuit and at no point before the policy period began. Because Creasy raised these arguments in the district court but they were not addressed, we remand this

case so that the district court may consider whether Creasy was entitled to coverage for Permenter's claims that he was negligent in failing to hire counsel to represent her in a lawsuit in Texas and in failing to assist Permenter in establishing a new business. *See Bartholomew v. AGL Resources, Inc.*, 361 F.3d 1333, 1340 n.4 (11th Cir. 2004) (remanding to the district court to resolve unaddressed summary judgment arguments).

**AFFIRMED in part, VACATED in part, REMANDED.**