[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11406
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00154-MCR-MD

JAMES EARL HAWTHORNE,

                                                    Plaintiff-Appellant,

versus

BAPTIST HOSPITAL INC.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 12, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

James Hawthorne, proceeding *pro se*, appeals the district court's grant of

summary judgment to his former employer, Baptist Hospital, on his age

discrimination claim under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 623(a), (d), and on his retaliation claim under the ADEA and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a).

Hawthorne claims that he was discriminated against when he received a smaller hourly pay raise than his younger coworkers. He also alleges that after he complained of age-discrimination, his employer retaliated by issuing a negative performance review, discharging Hawthorne, and promoting those employees who allegedly assisted in his discharge. The district court found that Hawthorne failed to establish a prima facie case of age discrimination. With respect to the retaliation claim, the court found that, even assuming that Hawthorne established a prima facie case, Baptist Hospital articulated a legitimate, non-discriminatory reason for firing him and Hawthorne failed to show that this reason was pretextual.

On appeal, Hawthorne challenges the district court's granting of summary judgment on the evidence presented, and further contends that the court erred by applying a heightened pleading standard to his complaint that was inconsistent with Supreme Court precedent in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554–56, 127 S.Ct. 1955, 1964–65 (2007) (holding that to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain factual allegations that are plausible on their face).

We review a district court's grant of summary judgment de novo, and draw all factual inferences in the light most favorable to the nonmoving party. Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1242–43 (11th Cir. 2001). This Court may only affirm summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of production. Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007). If the moving party meets this burden, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Id. In order to survive summary judgment, any opposing affidavits submitted by the nonmoving party must set forth specific facts showing that there is an issue for trial. See Fed. R. Civ. P. 56(e); Leigh v. Warner Bros., 212 F.3d 1210, 1217 (11th Cir. 2000).

The ADEA prohibits an employer from discriminating against an employee who is at least forty years old on the basis of his age. 29 U.S.C. §§ 623(a)(1), 631(a). A plaintiff can establish age discrimination either through direct or circumstantial evidence. Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1204 (11th Cir. 2010). Direct evidence consists of "[o]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age." Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 512 F.3d 1296,

3

1300 (11th Cir. 2008) (quotation marks omitted).  Evidence that merely suggests a discriminatory motive is, by definition, circumstantial evidence.  Burrell v. Bd. of Tr. of Ga. Military Coll., 125 F.3d 1390, 1393–94 (11th Cir. 1997).

Hawthorne asserts on appeal that he was told by Baptist Hospital's "personnel department that he would not be eligible for any promotions due to his age."  However, Hawthorne made no factual assertions to that effect in his affidavit or complaint in the district court.  Therefore, this Court cannot consider this new assertion on appeal.  Stewart v. Dep't of Health and Human Servs., 26 F.3d 115, 116 (11th Cir. 1994).  In the district court proceedings, Hawthorne did not point to any direct evidence of age discrimination.  Instead, he relied on circumstantial evidence to support his claim.  We have previously evaluated ADEA age-discrimination claims that are based on circumstantial evidence under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25 (1973).  See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (applying framework to ADEA); Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181–82 (11th Cir. 2010) (applying framework to Title VII).  However, the Supreme Court recently held that to establish a disparate-treatment claim under the ADEA, a "plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the

4

challenged employer decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. ---, 129 S.Ct. 2343, 2351 (2009); see also Mora, 597 F.3d at 1204 (noting that "an ADEA plaintiff must establish 'but for' causality"). The Court reserved the question of whether the McDonnell Douglas framework is still appropriate in the ADEA context. Gross, 557 U.S. at --- n.2, 129 S.Ct. at 2349 n.2. With this in mind, we will review Hawthorne's claims under both McDonnell Douglas and Gross.

Under the McDonnell Douglas framework, the plaintiff establishes a prima facie case of age discrimination by showing that (1) he was a member of the protected age group; (2) he was subjected to adverse employment action; (3) he was qualified to do the job; and (4) his employer treated similarly-situated employees outside his protected class more favorably. Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003). Applying this framework here, the district court correctly held that Hawthorne failed to establish a prima facie case of employment discrimination, because he failed to satisfy the second and fourth elements. Hawthorne actually earned higher wages than younger coworkers he described as similarly-situated, and he received the maximum annual raise possible under the company's merit guideline system. While Hawthorne received smaller raises than some younger coworkers in his field, Hawthorne was classified at a higher pay-grade than those coworkers, and was therefore only

5

eligible for smaller wage increases. Summary judgment was also proper under

Gross, because Hawthorne failed to establish any causal link between his age and

his wages, and hence cannot demonstrate that his age was the but-for cause of any

adverse employment action.

Both the ADEA and Title VII also prohibit employers from retaliating

against employees for engaging in activity protected under the statute, including

activity in which the employee opposed an unlawful employment practice or

"made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under [Title VII]." 29 U.S.C. § 623(d); 42

U.S.C. § 2000e-3(a). We apply the law developed in Title VII and ADEA

retaliation cases interchangeably. See Pennington v. City of Huntsville, 261 F.3d

1262, 1269 (11th Cir. 2001). To establish a prima facie case for retaliation under

Title VII or the ADEA, "a plaintiff must show that (1) he engaged in statutorily

protected expression; (2) he suffered an adverse employment action; and (3) there

[was] some causal relation between the two events." Id. at 1266. If a plaintiff

establishes a prima facie case, a defendant may offer a legitimate,

nondiscriminatory reason for the employment action as an affirmative defense.

See Mitchell v. USBI Co., 186 F.3d 1352, 1353 (11th Cir. 1999).

6

Assuming for the sake of argument that Hawthorne established a prima facie

case of retaliation,[1] Baptist Hospital proffered legitimate, nondiscriminatory

reasons for the employment action. Baptist Hospital presented affidavits

indicating that Hawthorne repeatedly violated the company's anti-harassment

policy by verbally harassing some employees and physically touching a female

employee in an unwanted manner.

Once an employer claims that a plaintiff was fired for violating a work rule,

a plaintiff may prove that the reason was pretextual through evidence that (1) he

did not violate the cited work rule; or (2) if he did violate the rule, other

employees outside the protected class who committed similar violations were not

similarly treated. Damon v. Fleming Supermarkets, Inc., 196 F.3d 1354, 1363

(11th Cir. 1999). In his affidavit, Hawthorne denied that he engaged in the

harassing conduct, and therefore our analysis focuses on the first prong. With

respect to the first prong, the ultimate issue is whether the decision-maker believed

that the employee violated the rule, as opposed to whether the employee actually

---

[1] Hawthorne alleged that his protected conduct was filing a lawsuit in 2005, which he voluntarily dismissed, in addition to opposing alleged discriminatory practices in the summer of 2005. As the district court noted, however, Hawthorne failed to show any causal connection between his alleged protected activity and his ultimate discharge, such that it is doubtful that Hawthorne actually established a prima facie case of retaliation. Nevertheless, we need not address this question directly on appeal because Baptist Hospital has asserted a viable affirmative defense.

violated the rule. <u>Elrod v. Sears, Roebuck & Co.</u>, 939 F.2d 1466, 1470 (11th Cir. 1991). Hawthorne asserted in his affidavit that his immediate supervisors pushed the harassment issue as a basis for his discharge, and that he was told the hospital might put a bomb under his truck, which discouraged him from opposing discrimination. Hawthorne's affidavit, however, does not deny that human resources officials at the company confronted Hawthorne on more than one occasion about harassment complaints from other workers. Moreover, Hawthorne does not deny that when confronted by human resources, he refused to provide any statement or information to rebut the complaints by his coworkers. Finally, Hawthorne does not allege any facts to suggest that the ultimate decision-makers in the human resources department were aware of, or complicit in, any plot to retaliate against Hawthorne. Therefore, the evidence is uncontroverted that the decision-makers in this case had a non-pretextual belief that Hawthorne had violated the company's anti-harassment policy, thereby providing a legitimate basis for termination. This being the case, the district court correctly granted summary judgment on Hawthorne's retaliation claim.

Finally, with regard to Hawthorne's claim that the district court applied the wrong legal standard, his reliance on <u>Twombly</u> is inapposite. <u>Twombly</u> governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim—a standard

that is only relevant at the pleading stage.  Here, Hawthorne successfully alleged claims at the pleading stage; his claims failed to survive on the evidence presented at the summary judgment stage.  We therefore hold that the district court did not apply the wrong standard when granting summary judgment to Baptist Hospital.  Baptist Hospital's motion to dismiss this appeal is denied as moot.

**AFFIRMED.**