[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12556
Non-Argument Calendar

_____

D.C. Docket No. 4:10-cv-00118-HLM

FREDDIE MITCHELL,
JOHNETTA MCSEARS,

                                                        Plaintiffs-Appellants,

RICHARD BROOKS,

                                                        Plaintiff,

versus

CITY OF LAFAYETTE,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 28, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Freddie Mitchell and Johnetta McSears appeal the district court's grant of defendant City of LaFayette's ("City") motion for summary judgment in their employment discrimination suit under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1).  On appeal, Mitchell and McSears argue that plaintiffs may establish a *prima facie* case of age discrimination in a reduction-in-force ("RIF") context by showing that substantially younger employees either replaced them or were retained in the same position.  They argue that, even if that showing was insufficient, they established a *prima facie* case by showing that they were more qualified than younger employees who were retained in the same positions they had occupied, that statistical evidence indicates that the protected class was disproportionately harmed in the RIF, and that the person who decided which positions to terminate, Johnnie Arnold, harbored ageist stereotypes.

Mitchell and McSears further argue that City's proffered legitimate, nondiscriminatory reason for their terminations—eliminating positions to avoid unnecessary expenditures—was insufficient, because in an RIF case an employer must explain why the specific plaintiff was chosen for termination.  They argue

2

that a reasonable jury could find that Arnold did not actually believe his assertion that Mitchell and McSears worked less than one-quarter of the time for which they were paid, based on the conflicts within Arnold's testimony and contradictory testimony by their department supervisors. They further assert that their statistical evidence and their evidence that Arnold harbored ageist stereotypes also show that Arnold's stated reasons were a pretext for age discrimination.

## I.

We review *de novo* a district court's grant of summary judgment and must view all of the evidence and make reasonable inferences from the evidence in favor of the non-moving party. *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*). Summary judgment is appropriate if the movant shows that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the burden of demonstrating that no genuine issue of material fact exists, *see Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1162 (11th Cir. 2006), although the non-moving party must make a sufficient showing on each essential element of his case for which he has the burden of proof, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "A 'mere scintilla' of evidence supporting the opposing party's position will not suffice." *Brooks*, 446 F.3d at

3

1162 (internal quotations marks omitted).

## II.

The ADEA prohibits employers from discharging an employee who is at least 40 years of age because of that employee's age.  29 U.S.C. §§ 623(a)(1), 631(a).  Absent direct evidence of discrimination, we have applied the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973), when evaluating discrimination claims under the ADEA.  *See Chapman*, 229 F.3d at 1024.  The Supreme Court in *Gross v. FBL Fin. Servs., Inc.*, held that, to establish a disparate-treatment claim under the ADEA, a "plaintiff must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision."  557 U.S. 167, 177-78, 129 S. Ct. 2343, 2351, 174 L. Ed. 2d 119 (2009); *see also Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010) (noting, in our only published opinion interpreting *Gross*, that "an ADEA plaintiff must establish 'but for' causality" and that "the employer either acted 'because of' the plaintiff's age or it did not").  Even so, the Supreme Court expressly reserved the question of whether the evidentiary framework of *McDonnell Douglas* is appropriate in the ADEA context.  *Gross*, 557 U.S. at 175 n.2, 129 S. Ct. at 2349 n.2.  Since the Supreme Court did not

4

explicitly overrule our precedent in applying the *McDonnell Douglas* test to ADEA cases involving circumstantial evidence, we will review Mitchell's and McSears's claims under both *McDonnell Douglas* and *Gross*.  *See Gandara v. Bennett*, 528 F.3d 823, 829 (11th Cir. 2008) (explaining that "we are bound by the holdings of earlier panels unless and until they are clearly overruled *en banc* or by the Supreme Court") (quoting *Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004).

Applying the *McDonnell Douglas* framework, a plaintiff may establish a *prima facie* case for an ADEA violation by demonstrating that: (1) he was a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified to do the job; and (4) he was replaced by or otherwise lost a position to a younger individual.  *Chapman*, 229 F.3d at 1024.  We have modified the plaintiff's *prima facie* burden where he was terminated as part of an RIF, such that the plaintiff must make a showing that: (1) he was in a protected age group; (2) he was adversely affected by an employment decision; (3) he was qualified for his current position or to assume another position at the time of discharge; and (4) the evidence could lead a factfinder reasonably to conclude that the employer intended to discriminate on the basis of age.  *Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003); *see also Rowell v. BellSouth Corp.*,

5

433 F.3d 794, 798 (11th Cir. 2005). The variant test alters the fourth prong of the *McDonnell Douglas* test, that a person outside the protected class replaced the plaintiff, because, in RIFs, employers rarely seek replacements for the discharged employee. *See Mauter v. Hardy Corp.*, 825 F.2d 1554, 1557 (11th Cir. 1987).

In order to satisfy the last prong, the plaintiff must produce some evidence that the employer did not treat him neutrally with respect to his age, but, instead, discriminated based upon it. *See Rowell*, 433 F.3d at 798. The evidence must lead the factfinder to reasonably conclude either that the employer consciously refused to consider retraining or relocating the plaintiff due to his protected-class membership, or that the employer considered his protected-class membership as a negative factor in that consideration. *Id*. Statistical proof or other evidence of a pattern of terminating older workers may be used to satisfy the last prong. *Pace v. S. Ry. Sys.*, 701 F.2d 1383, 1388 (11th Cir. 1983). However, to be accepted, statistical calculations must come from a witness, not a party's lawyer. *Watkins v. Sverdrup Tech., Inc.*, 153 F.3d 1308, 1315 n.16 (11th Cir. 1998). Absent any analytical foundation, statistical evidence is "virtually meaningless," and thus, cannot have any probative value. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004) (quoting *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 963 (11th Cir. 1997)).

6

Once a plaintiff establishes a *prima facie* case of discrimination, the employer may rebut the resulting presumption of discrimination by articulating at least one legitimate, nondiscriminatory reason for its action. *Watkins*, 153 F.3d at 1314. Eliminating a position to avoid an unnecessary expenditure may be a legitimate, nondiscriminatory reason for an employment decision. *See Tidwell v. Carter Prods.*, 135 F.3d 1422, 1426 (11th Cir. 1998) ("Carter proffered its RIF as a legitimate, nondiscriminatory reason for terminating Tidwell, eliminating the presumption of discrimination.").

Once the employer articulates a legitimate, nondiscriminatory reason for its action, the burden shifts back to the plaintiff to produce evidence that the employer's proffered reason is a pretext for discrimination. *See Watkins*, 153 F.3d at 1314. To demonstrate pretext, the plaintiff must show both that the employer's proffered reason is false, and that discrimination was the real reason. *See Brooks*, 446 F.3d at 1163. The plaintiff must meet the employer's reason head on and rebut it, and may not simply quarrel with the wisdom of the reason. *See id.* He may do this either directly by establishing that a discriminatory reason more likely than not motivated the employer, or indirectly by showing that the proffered reason is unworthy of credence. *See Watkins*, 153 F.3d at 1314. Under the latter approach, the plaintiff must demonstrate such weaknesses, implausibilities,

7

inconsistencies, incoherencies, or contradictions in the proffered reason that a reasonable factfinder could conclude that it is unworthy of credit. *Id.*

"We are not in the business of adjudging whether employment decisions are prudent or fair," and are solely concerned with "whether unlawful discriminatory animus motivate[d] a challenged employment decision." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). "[W]e do not sit as a super-personnel department that reexamines an entity's business decisions." *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1501 (11th Cir. 1991) (internal quotation marks omitted). "The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of his performance." *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997).

III.

We conclude from the record that Mitchell and McSears failed to establish a *prima facie* case of age discrimination. First, the fact that younger employees were retained in Mitchell's and McSears's departments does not support an inference of discriminatory intent in light of the fact that the City also retained other employees who were well over the age of 40 in those departments, and many of the employees retained were older than Mitchell and McSears. *See Smith*, 352 F.3d at 1344. The statistical calculations proffered by Mitchell and McSears lack

8

probative value, as they were proffered by their attorney and they have not named an expert to establish a proper analytical foundation. *See Wilson*, 376 F.3d at 1089; *Watkins*, 153 F.3d at 1315 n.16. Although Mitchell is correct that he could establish a *prima facie* case in the traditional manner of showing that he was replaced by a younger individual, he is unable to make that showing, as the purpose of the RIF was to reallocate labor resources following a position elimination. Further, the evidence that Mitchell and McSears argue indicates that they were better qualified than younger employees who were retained in the RIF does not necessarily show that they were, in fact, more qualified at the time of their terminations. Their contention that Arnold harbored ageist stereotypes is also unavailing, as his comments regarding Mitchell's agility and computer skills were based on Arnold's personal knowledge.

Even if Mitchell and McSears had established a *prima facie* case of age discrimination, they failed to present sufficient evidence tending to show that the City's proffered reason for their terminations was a pretext for age discrimination. *See Watkins*, 153 F.3d at 1314. Mitchell and McSears failed to meet head on and rebut the City's proffered reason for terminating them, namely, that the City's budget shortfall necessitated terminating some positions to reduce costs. *See Brooks*, 446 F.3d at 1163. They have cited no binding authority in support of their

9

argument that the City was required to explain why their positions were eliminated instead of others.  Further, the evidence identified by Mitchell and McSears did not indicate that the specific reasons that Arnold gave for their terminations were a pretext for age discrimination.  The fact that the testimony from their department heads tended to show that Mitchell and McSears were working their full hours was irrelevant, as Arnold made the decision to terminate Mitchell and McSears based on his own observations and without any input from the department heads.

Finally, for the reasons stated above, Mitchell and McSears also failed to show that they would not have been selected for inclusion in the RIF but for their age.  *See Gross*, 557 U.S. at 177-78; 129 S. Ct. at 2351.

For all the aforementioned reasons, we affirm the district court's grant of summary judgment in favor of the city.

**AFFIRMED.**